# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| FEYSAL AYATI-GHAFFARI § <br> § <br> v. § <br> § <br> JAMES DIMON, ET AL. § <br> § | Civil Action No. 4:19-CV-533 <br> (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 2, 2019, the report of the Magistrate Judge (Dkt. #20) was entered containing proposed findings of fact and recommendations that Plaintiff Feysal Ayati-Ghaffari's "Memorandum in Support of Motion to Remand" (Dkt. #10) be denied. Having received the report of the Magistrate Judge, having considered Plaintiff's Objection (Dkt. #26), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

## RELEVANT BACKGROUND

On June 27 and 28, 2019, respectively, Plaintiff filed two suits in the 417th Judicial District Court, Collin County, Texas, naming in each suit James Dimon (CEO of JP Morgan Chase Bank, N.A.) and JP Morgan Chase Bank, N.A. ("Chase Bank") (Cause Nos. 4:19-cv-533, Dkt. #4; 4:19-cv-535, Dkt. #4). Plaintiff has previously pursued litigation against these same defendants in the Eastern District of Texas (Cause Nos. 4:14-cv-248, 4:18-cv-483, 4:18-cv-602, 4:18-cv-617) and now seeks relief stemming from the foreclosure of Plaintiff's home on July 2, 2019 by Defendant Chase Bank (Dkt. #4). Defendants removed both actions to the Eastern District of Texas. The suits were consolidated on July 31, 2019, with the instant cause serving as the lead case.

Plaintiff sought to remand on July 24, 2019 (Dkt. #10). Defendants filed a response in opposition to remand on July 26, 2019 (Dkt. #16). On August 2, 2019, the Magistrate Judge recommended the Court deny Plaintiff's request to remand (Dkt. #20). On August 12, 2019, Plaintiff filed an Objection to the report (Dkt. #26). Defendants did not file a response.

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff objects to the Magistrate Judge's finding that the amount in controversy is met (Dkt. #26). Plaintiff argues that his claim does not meet the minimum amount in controversy for removal to federal court because Defendant Chase Bank lacks standing to enforce the loan through foreclosure. Plaintiff therefore contends Defendant Chase Bank is entitled to $0 on the loan; specifically, he asserts "$0.00 Len[t], & $0.00 Loss" and thus "Claim is $0.00" (Dkt. #26 at p. 2).

Diversity of citizenship jurisdiction requires complete diversity among the parties and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The existence of complete diversity among the parties is undisputed and the Magistrate Judge further found the amount in controversy to be satisfied given "the value of the disputed property … far exceeds $75,000" (Dkt. #20 at pp. 3–4). Although Plaintiff purports to "seek monetary relief of $50,000[ ] or less[,] and nonmonetary relief," here, the amount in controversy, as the Magistrate Judge opined, is measured by the value of the object of the litigation. *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013). Plaintiff's home is valued well in excess of $75,000 (Dkt. #1 at p. 3). It is clear, "[u]nder any reasonable basis for valuing the propert[y]," the

amount in controversy requirement is satisfied, and thus the Court has diversity of citizenship jurisdiction. *Id.* Plaintiff's Objection is overruled.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #26), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #20) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff's Motion to Remand (Dkt. #10) is **DENIED**.

**IT IS SO ORDERED**.

 **SIGNED this 5th day of November, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE