# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| FEYSAL AYATI-GHAFFARI <br><br> v. <br><br> JAMES DIMON, ET AL. | § <br> § Civil Action No. 4:19-CV-533 <br> § (Judge Mazzant/Judge Nowak) <br> § <br> § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 2, 2020, the report of the Magistrate Judge (Dkt. #78) was entered containing proposed findings of fact and recommendations that each of Plaintiff's twenty-seven Motions for Default Judgment be denied. Having received the report of the Magistrate Judge, considered Plaintiff's construed Objection (Dkt. #80) and Defendants' Response (Dkt. #82), and conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

On June 27 and 28, 2019, respectively, Plaintiff filed two suits in the 417th Judicial District Court, Collin County, Texas, naming in each suit James Dimon (CEO of JPMorgan Chase Bank, N.A.) and JPMorgan Chase Bank, N.A. (Cause Nos. 4:19-cv-533, Dkt. #4; 4:19-cv-535, Dkt. #4). Plaintiff has previously pursued litigation against these same defendants in the Eastern District of Texas (See e.g. Cause Nos. 4:14-cv-248, 4:18-cv-483, 4:18-cv-602, 4:18-cv-617) (Dkt. #4). Defendants removed both actions to the Eastern District of Texas, where they were consolidated with the instant cause serving as the lead case; Defendants have moved to dismiss Plaintiff's claims. As described in detail by the Magistrate Judge, Plaintiff proceeded after removal to file twenty-seven requests for default judgment (Dkts. #21; #22; #25; #30; #31; #32; #35; #36; #37; #44; #46; #47; #48; #49; #50; #53; #54; #58; #59; #61; #62; #68; #69; #73; #74; #75; #76).

On January 2, 2020, the Magistrate Judge entered a report and recommendation, recommending each of Plaintiff's requests for default judgment be denied (Dkt. #78). Specifically, the report found no clerk's entry of default had been made or entered on the docket by the Clerk, and that Plaintiff's arguments, including the assertion Defendants had failed to appear in light of the filing of their Motion to Dismiss, were meritless (Dkt. #78 at pp. 5-8). On January 13, 2020, Plaintiff filed his "Raises Substantial Issues to Doc. 78-1" and "Move [sic] for Final Judgment on the Pleadings" (Dkt. #80), which the Court construes as an objection to the report. Plaintiff's construed Objection is largely incoherent but seemingly asks the Court to enter a final judgment on the pleadings because there is no "proof of ownership," the trustee sale is void, and the Property is stolen (Dkt. #80 at pp. 1-2). Defendants filed a Response on January 24, 2020 (Dkt. #82).

**OBJECTION TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Here, Plaintiff makes no specific objection to the Magistrate Judge's recommendation regarding Plaintiff's numerous requests for default judgment, each of which are premised on Defendants' alleged failure to file an answer or other pleading.

Moreover, as to Plaintiff's continued assertions of "no proof of ownership" or that the Property is now somehow stolen, this Court previously determined Defendant Chase Bank had standing to foreclose on the Property, *Ayati-Ghaffari v. JPMorgan Chase Bank, N.A.*, No. 4:18-CV-00483, 2019 WL 1275367, at *3 (E.D. Tex. Mar. 20, 2019) ("[A]s the current holder of the 2008 Deed of Trust, Defendant [Chase Bank] has the authority to foreclose on the 2008 Loan"), and that Defendant Chase Bank need not provide additional documentation to foreclose on the Property, *id.* (adopting the Magistrate Judge's conclusion that "Defendant is [] the last assignee of

the 2008 Deed of Trust," which "establishes [Defendant's] standing to foreclose without production of any other documentation regarding Chase's ownership of the loan").

Even if Plaintiff had filed a specific objection to the denial of his requests for default judgment, the Magistrate Judge's findings are correct. Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. Rule 55 grants a district court wide latitude, and the entry of default judgment is left to the sound discretion of the trial court. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Plaintiff has not satisfied the requirements for securing a default judgment. Defendants responded to Plaintiff's complaint by filing a Motion to Dismiss on August 20, 2019 (Dkt. #43). A motion to dismiss is typically an appearance that precludes default. In addition, Plaintiff moved for Clerk's Entry of Default only after Defendants filed their Motion to Dismiss (Dkt. #64). And on the same day Plaintiff requested a Clerk's Entry of Default, the Clerk stated it could not enter default because "Affidavit not received" and "Defendant has answered or filed a responsive pleading" (Dkt. #65). Accordingly, Plaintiff's Objection is overruled.

## CONCLUSION

Having considered Plaintiff's construed Objection (Dkt. #80) and Defendants' Response (Dkt. #82), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #78) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Plaintiff's twenty-seven pending Motions for Default Judgment (Dkts. #21; #22; #25; #30; #31; #32; #35; #36; #37; #44; #46; #47; #48; #49; #50; #53; #54; #58; #59; #61; #62; #68; #69; #73; #74; #75; #76) are hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 3rd day of February, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE