# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| FEYSAL AYATI-GHAFFARI § | |
| § | Civil Action No. 4:19-CV-533 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| JAMES DIMON, ET AL. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 13, 2020, the report of the Magistrate Judge (Dkt. #81) was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss (Dkt. #43) be granted. Having received the report of the Magistrate Judge, considered Plaintiff's Objection (Dkt. #84) and Defendants' Response (Dkt. #89), and conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

On June 27 and 28, 2019, respectively, Plaintiff filed two suits in the 417th Judicial District Court, Collin County, Texas, naming in each suit James Dimon (CEO of JPMorgan Chase Bank, N.A.) and JPMorgan Chase Bank, N.A. (Cause Nos. 4:19-cv-533, Dkt. #4; 4:19-cv-535, Dkt. #4); these actions were removed and subsequently consolidated, on July 31, 2019, into the instant cause. Plaintiff has previously pursued litigation against these same defendants here in the Eastern District of Texas (Cause Nos. 4:14-cv-248, 4:18-cv-483, 4:18-cv-602, 4:18-cv-617). Plaintiff seeks relief in the instant cause stemming from the foreclosure of Plaintiff's home on July 2, 2019, by Defendant Chase Bank (Dkt. #4).

On January 13, 2020, the Magistrate Judge recommended Defendants' Motion to Dismiss be granted (Dkt. #81). Specifically, the report recommended Defendant Dimon be dismissed from the lawsuit for lack of personal jurisdiction and Defendant Chase Bank be dismissed as a result of res judicata and/or for failure to state a claim (Dkt. #81 at p. 19). On January 28, 2020, Plaintiff filed his "Specific Objection Doc.#81", which while largely unintelligible, appears to ask the Court to enter a "final judgment on the pleadings" because (1) Defendant Chase Bank "had no standing to foreclose" (Dkt. #84 at pp. 1, 3); (2) Defendant Chase Bank has not provided "closing documents" or "ownership records" (Dkt. #84 at p. 2); and (3) "the defendants never filed [an] Appearance, and came forward to obtain . . . personal jurisdiction to the extent defendant[,] without [an] Original Answer[,] consealed [sic] foreclosure-law facts deemed to be unopposed" (Dkt. #84 at p. 2). Defendants filed a Response on February 7, 2020 (Dkt. #89). Therein, Defendants argue (1) "Plaintiff fails to point out any specific error in Magistrate Judge Nowak's reasoning or conclusions"; (2) "Chase's standing to foreclose has previously been litigated and Chase has been found to have standing to foreclose"; and (3) Plaintiff's sole objection to the Magistrate Judge's recommendation regarding Defendant Dimon "is that Defendants never filed an appearance" when, in fact, "both Chase and Mr. Dimon appeared through counsel through the filing of a motion to dismiss" (Dkt. #89 at pp. 1–2).

**OBJECTION TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3). Plaintiff's Objection fails to point out any specific error in the Magistrate Judge's reasoning or conclusions, but instead merely reiterates his prior arguments.

To that end, Plaintiff's arguments in his Objection regarding standing to foreclose, ownership records, and other documents have been addressed and determined in prior cases before this Court. This Court previously determined Defendant Chase Bank had standing to foreclose on the Property. *See Ayati-Ghaffari v. JPMorgan Chase Bank, N.A.*, No. 4:18-CV-00483, 2019 WL 1275367, at *3 (E.D. Tex. Mar. 20, 2019); (Dkt. #87 at pp. 2–3); (Dkt. #81 at p. 15). This Court has also previously concluded Defendant Chase Bank need not provide additional documentation to foreclose on the Property. *See Ayati-Ghaffari*, 2019 WL 1275367, at *7–8.

Plaintiff again argues the Court has personal jurisdiction over Defendant Dimon because Defendants never filed an appearance (Dkt. #84 at p. 2). Plaintiff is incorrect. Defendants responded to Plaintiff's complaint by filing a Motion to Dismiss on August 20, 2019 (Dkt. #43). A motion to dismiss is an appearance. The Magistrate Judge further concluded:

> Upon review, general and specific jurisdiction are lacking over Defendant Dimon. Plaintiff generically states Defendant Dimon "is a CEO of Chase Bank" who is "operating and managing the lending corruptions [sic] and foreclosures operation responsibility [sic]" [Dkt. 51 at 2]. Beyond this statement, Plaintiff provides no other allegations whatsoever as to Defendant Dimon's involvement in the alleged facts giving rise to Plaintiff's claims in the instant case. Certainly, there are no allegations, and no evidence of record, to support a finding that Defendant Dimon has, or ever had, ongoing or "continuous and systematic" contact such that Defendant Dimon is "essentially at home" in Texas . . . . There is also no indication that Defendant Dimon has "purposely directed" his "activities toward the forum state" . . . . Defendant Dimon's status as a CEO of Defendant Chase is insufficient to establish the Court has either general or specific jurisdiction over Defendant Dimon . . . . Because this Court does not have personal jurisdiction over Defendant Dimon, the Court recommends Plaintiff's claims against Defendant Dimon be dismissed without prejudice under 12(b)(2) for lack of personal jurisdiction.

(Dkt. #81 at pp. 7–8). Plaintiff has failed to offer any allegations demonstrating continuous and systematic contacts between Defendant Dimon and the State of Texas and/or to offer any allegations demonstrating the cause of action relates to a contact between Defendant Dimon and the State of Texas. Indeed, Plaintiff's live pleading names "James Dimon CEO JP Morgan Chase

3

Bank" and states where Defendant Dimon can be served with process (Dkt. #4 at p. 1) but does not otherwise mention Defendant Dimon. Such bare allegations alone are insufficient to establish either general or specific jurisdiction.

## ADDITIONAL PENDING MOTIONS

Subsequent to entry of the Magistrate Judge's report, Plaintiff filed two additional motions: "Plaintiff's Raises Substential [sic] Issues Objection to Doc. 87 Qualify Robo Judges Acquired or Not? Statute of Limitation Run Move for Final Judgment on the Pleadings" (Dkts. #88) and "Plaintiff's Motion for Judgment Notwithstanding the Mandate & Removal is not Perfected in this Debt Collection Harassments & Extraordinary 'Time Barred'" (Dkt. #90). Each of Plaintiff's newest motions asks the Court to reconsider its prior Memorandum Adopting, dated February 3, 2020 (Dkt. #87), denying Plaintiff's motions for default judgment and again implores the Court to enter judgment for Plaintiff.

"The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) ). Because Plaintiff asks the Court to reverse its

prior determinations and enter judgment, the Court construes Plaintiff's motions as motions for reconsideration under Rule 54(b).

Reading *pro se* Plaintiff's pending motions liberally, as the Court must, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), the Court discerns the following arguments. Plaintiff's first pending motion "raises substantial [sic] issues objection to Doc.87" and argues there are no records and the foreclosure is void (Dkt. #88). Plaintiff's second pending motion also argues there are no records and that foreclosure was improper because Defendants lack standing (Dkt. #90 at pp. 1–2). The Court considered these very same arguments herein and in its recent Memorandum Adopting (Dkt. #87) and will not do so again. The Court therefore denies Plaintiff's motions (Dkts. #88; #90).

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #84) and Defendants' Response (Dkt. #89), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #81) as the findings and conclusions of the Court. Accordingly,

It is therefore **ORDERED** that Defendants' Motion to Dismiss (Dkt. #43) is **GRANTED**. Plaintiff's claims against Defendant Dimon are **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's claims against Defendant Chase Bank are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's remaining pending Motions (Dkts. #88; #89) are **DENIED**.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.
**SIGNED this 6th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE